```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
OLANREWAJU ESAN,

                Plaintiff,

        -against-                          MEMORANDUM & ORDER
                                           10-CV-1301(JS)(ARL)

FRANKLIN HOSPITAL,

                Defendant.
----------------------------------X
APPEARANCES:
For Plaintiff:    Olanrewaju Esan, Pro Se
                  320 Wilson Street, Suite 1
                  West Hempstead, NY 11552

For Defendant:    Garfunkel Wild, P.C.
                  Leonard M. Rosenberg, Esq.,
                  Lauren M. Levine, Esq.,
                  Wilhelmina Adriana de Harder, Esq.
                  111 Great Neck Road, Suite 503
                  Great Neck, NY 11021
```

SEYBERT, District Judge:

Before the Court is an application for the appointment of pro bono counsel by the pro se plaintiff Olanrewaju Esan ("Plaintiff"). For the reasons that follow, Plaintiff's request for the appointment of counsel is DENIED.

BACKGROUND

On March 23, 2010, Plaintiff filed his Complaint with the Court alleging that Defendant Franklin Hospital inter alia terminated his employment as Chief of Pulmonary Care in violation Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17, as amended by the Civil Rights Act of 1991, Pub. L. No. 102-166. On May 12, 2010, Defendant filed a motion to

dismiss the Complaint in its entirety pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). On May 27, 2010, Plaintiff filed a motion requesting an extension of time to oppose the Defendant's motion and asserting that he was seeking to retain counsel to represent him in this case. By Order dated June, 3 2010, the Court granted Plaintiff's request and extended the deadline to July 22, 2010. On July 7, 2010, Plaintiff filed the instant application for the appointment of pro bono counsel.

## DISCUSSION

Courts may "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). The Court has broad discretion in determining whether appointment of counsel is appropriate in a particular case. The threshold question is "whether the litigant is able to afford or otherwise obtain counsel." Terminate Control Corp. v. Horowitz, 28 F.3d 1335, 1341 (2d Cir. 1994). To determine whether Plaintiff satisfies the threshold question of whether the litigant is able to afford or otherwise obtain counsel, the Court looks to the standard promulgated by Adkins v. E.I. Du Pont Nemours & Co., Inc., 335 U.S. 331, 339, 69 S. Ct. 85, 93 L. Ed. 43 (1948). There, the Supreme Court stated that a plaintiff who files an affidavit stating that "one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life" qualifies him to proceed in forma pauperis.

Id. at 339 (internal quotations omitted).

Once the Court determines that the litigant cannot afford or otherwise obtain counsel, the only constraint on a court's determination to appoint counsel is that "it be 'guided by sound legal principle.'" Cooper v. A. Sargenti Co., Inc., 877 F.2d 170, 171-72 (2d Cir. 1989) (quoting Jenkins v. Chemical Bank, 721 F.2d 876, 879 (2d Cir. 1983)). When deciding whether to assign counsel to an indigent civil litigant under 28 U.S.C. § 1915(e)(1) the court must inquire as to whether there is substance to the litigant's position. Carmona v. U.S. Bureau of Prisons, 243 F.3d 629, 632 (2d Cir.2001); see also Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir.1986) (holding that the district judge should first determine whether the indigent's position seems likely to be of substance). "[C]ounsel should not be appointed in a case where the merits of the indigent's claim are thin and his chances of prevailing are therefore poor." Carmona, 243 F.3d at 632.

If the Court finds that the plaintiff's claim is of substance, it should next consider the following factors: [T]he indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

Hodge, 802 F.2d at 61-62; see also Carmona, 243 F.3d at 632 (holding that only after an initial finding that a claim is likely one of substance should the court consider secondary factors such as the factual and legal complexity of the case, the ability of the litigant to navigate the legal minefield unassisted, and any other reason why in the particular case appointment of counsel would more probably lead to a just resolution of the dispute). However, those factors are not restrictive and "[e]ach case must be decided on its own facts." Hodge, 802 F.2d at 61.

Here, Plaintiff's declaration in support of his request for the appointment of counsel states that the last time he received income from employment was July 2009 in the amount of $15,932. He lists approximately $83,030 in liquid assets. Furthermore, Plaintiff states he owns a house valued at $600,000 and an automobile valued at $11,000. Plaintiff indicates that his monthly expenses for his mortgage and the support of his wife and children is in excess of $14,000 per month. Given Plaintiff's reported assets totaling nearly three quarters of a million dollars, the Court is skeptical that Plaintiff truly falls within the scope of poverty outlined in Adkins.

Even assuming that Plaintiff satisfied this threshold inquiry, the Court finds that the appointment of pro bono counsel is unwarranted at this time. Upon careful consideration of Plaintiff's Complaint, the Court finds that this matter is not

overly complex, such that Plaintiff, a physician who has presumably graduated from medical school and passed all relevant board examinations, will be unable to comprehend the issues presented. Plaintiff is able to investigate the crucial facts without impediment and the Court finds no special reason why appointment of counsel would be more likely to lead to a just determination. Moreover, given that the number of attorneys on the Court's pro bono panel is limited, the Court declines to appoint pro bono counsel based on the circumstances presented here. Plaintiff may renew his application for the appointment of pro bono counsel upon the completion of discovery if his circumstances so warrant.

## CONCLUSION

For the reasons set forth above, Plaintiff's request for the appointment of pro bono counsel is DENIED. Plaintiff must either retain counsel or press forward with this lawsuit pro se. Plaintiff is reminded that his opposition to the Defendant's motion to dismiss the Complaint is due on July 22, 2010 pursuant to the Court's June 3, 2010 Order. Plaintiff is cautioned that Defendant's motion will be deemed fully submitted on July 22, 2010 and may be granted as unopposed in the absence of opposition papers from the Plaintiff.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: July 15, 2010
Central Islip, New York